UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio D. Thomas, | ) C/A: 2:11-161-DCN-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) *partial summary dismissal* |
| Teresa Walker; James Burke; Scott Hixson; individually and in their official capacities, | ) |
| Defendants. | ) |

This civil action, filed *pro se* and *in forma pauperis* by a pretrial detainee, is before the Court for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff alleges that he is incarcerated in the Georgetown County Detention Center (GCDC), where it appears that he is awaiting trial in General Sessions Court on charges which were brought against him in December 2009.[1] Plaintiff alleges that Defendants - Georgetown Police Department Officers Teresa Walker

---

[1] This Court takes judicial notice of the factual information concerning Plaintiff's pending criminal charges posted on the Georgetown County Fifteenth Circuit Court's Public Index website. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records); *but see Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008)(noting that some courts have found postings on government websites as inherently authentic or self-authenticating). According to the Georgetown County Fifteenth Judicial Circuit Public Index website, *See* http://secure.georgetowncountysc.org/publicindex/ (last visited January 31, 2011), Plaintiff's pending charges are: (1) murder - indictment no. 2010GS2200265, filed 01/05/2010, true bill date 02/10/10; case no. J537545, arrest date 12/28/09; (2) possession of a weapon during commission of a violent crime - indictment no. 2010GS2200266, filed 01/05/10, true bill date 02/10/10; case no. J537546,



1

and James Burke, who arrested him, and Fifteenth Circuit Deputy Solicitor Scott Hixson, who is the prosecutor of his cases - have violated his Fourth Amendment and Fourteenth Amendment rights. Plaintiff alleges that Defendants Walker and Burke violated his constitutional rights, on December 27, 2009, by arresting him without a warrant, which "constituted an illegal search and seizure." (ECF No. 1, p. 3). Plaintiff further alleges that Defendant Walker also violated his Fourteenth Amendment rights, on February 5, 2010, by her "failure to confront the plaintiff's with witnesses against him." (ECF No. 1, p. 3). Plaintiff alleges that Defendant Hixson violated his Fourteenth Amendment rights, on February 24, 2010, by his "indifference to speedy trial." (ECF No. 1, p. 4).

Plaintiff requests: "a declaration that acts and omissions described herein violated plaintiff rights under the Constitution and laws of the United States"; "a preliminary and permanent injunction ordering defendants . . . to stop this malicious prosecution and release me from my imprisonment. A preliminary hearing if necessary."; "compensatory damages in the amount of $200,000 against each defendant jointly and severally"; and "punitive damages in the amount of $700,000 against each defendant," plus "any additional relief this court deems just, proper and equitable." (ECF No. 1, p. 5).

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996);

---

arrest date 12/28/09; (3) burglary, first degree - indictment no. 2010GS2200267, filed 01/05/10, true bill date 02/10/10; case no. J537547, arrest date 12/28/09; (4) ABIK - indictment no. 2010GS2200268, filed 01/05/10, true bill date 02/10/10; case no. J537548, arrest date 12/28/09; (5) kidnapping - indictment no. 2010GS2200269, filed 01/05/10, true bill date 02/10/10; case no. J537550, arrest date 12/29/09.



and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, this Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). As Plaintiff is proceeding *pro se*, his pleadings are considered pursuant to this liberal standard. Even when considered under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, however, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact;" *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Here, while Plaintiff's allegations may state a plausible false arrest

3



claim under 42 U.S.C. § 1983[2] against Defendants Teresa Walker and James Burke, because Plaintiff's Complaint does not allege any facts stating a plausible claim for relief under § 1983 against Defendant Scott Hixson, his entitled to dismissal as a party Defendant under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted by this Court.

First, a prosecutor has absolute immunity from damages liability under § 1983 for prosecutorial activities which are intimately associated with the judicial phase of the criminal process.[3] Therefore, insofar as Plaintiff's Complaint seeks damages from Defendant Hixson for his alleged "indifference to speedy trial [which] violated plaintiff's rights and constituted a due process violation under the Fourteenth Amendment of the United States Constitution" (ECF No. 1, p. 4), the Complaint is barred by Defendant Hixson's absolute prosecutorial immunity.[4] *See Imbler v. Pachtman*, 424 U.S. 416, 430 (1976). The Complaint fails to make any allegations whatsoever that Defendant Hixson had anything to do with Plaintiff's initial warrantless arrest on December 27, 2009

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[3] *See Van de Kamp v. Goldstein*, _ U.S. _ , 129 S. Ct. 855 (2009); *Kalina v. Fletcher,* 522 U.S. 118 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman*,424 U.S. 416 (1976); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000); and *Carter v. Burch,* 34 F.3d 257 (4th Cir. 1994).

[4] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").



by Defendants Walker and Burke, which allegedly "violated plaintiff's rights and constituted an illegal search and seizure under the Fourteenth Amendment of the United States Constitution" (ECF No. 1, p. 3), or with Defendant Walker's "failure to confront the plaintiff's with witness against him," on February 5, 2010, "which constituted a due process violation under the Fourteenth Amendment of the United States Constitution." (ECF No. 1, p. 3). Rather, Plaintiff alleges that Defendants Walker and Burke, officers of the Georgetown Police Department, took these actions, and he names them, in their individual and official capacities, as party defendants in this case. Hence, as there are no factual allegations that Defendant Hixson participated in the alleged illegal search and seizure of Plaintiff's person and/or property, or the warrantless arrest of Plaintiff, or the "failure to confront the plaintiff's with witness against him," the Complaint fails to state sufficient facts to invoke federal jurisdiction for such claims against Defendant Hixson, in his individual or official capacity.

While absolute prosecutorial immunity does not protect prosecutors from suits for injunctive and/or declaratory relief (*see Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 736-37 (1980)), the habeas-type relief sought here is not available to Plaintiff in a § 1983 action. *See Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir.1995) (applying *Preiser v. Rodriquez*, 411 U.S. 475 (1973)); *Story v. Kopko*, No. 3:09-2893-PMD, 2010 U. S. Dist. LEXIS 10316 (D.S.C. Feb. 5, 2010). To issue an order for Plaintiff's release from custody and termination of his state court prosecution, this Court would, in essence, be required to invalidate Plaintiff's arrest warrants, grand jury indictments, and the state court's prior bond orders. This is something which cannot be done in a § 1983 case. Although § 1983 does provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, according to the United



States Supreme Court "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1997)("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.")(citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). It is settled law that, under the type of circumstance present in this case, claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial constraints of bond or parole or probation," are properly considered in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005). Therefore, Plaintiff must file a habeas petition against the warden of the detention center in which he is being held, pursuant to 28 U.S.C. §2241, to seek such relief.

Finally, although Defendant Hixson's absolute prosecutorial immunity is not a bar to claims for declaratory relief, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). Plaintiff's Complaint asks (verbatim) that the Court "enter judgment granting plaintiff: a declaration that acts and omissions described herein violated plaintiff rights under the Constitution and laws of the United States." (ECF No. 1, p. 5). The "declaration" sought here by Plaintiff is not declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57, 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a).



"Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Therefore, Plaintiff is not entitled to the declaratory relief he seeks in his Complaint because he does not ask the Court to define the parties' rights in the future, he seeks merely a declaration from the Court that Defendant Hixson violated his rights in the past . *See Stokes v. Moorman*, C/A No. 9:10-1711-CMC-BM, 2010 U.S. Dist. LEXIS 101966 at *19-21 (D.S.C. Aug. 17, 2010) adopted by, dismissed without prejudice by *Stokes v. Moorman*, 2010 U.S. Dist. LEXIS 102021 (D.S.C., Sept. 27, 2010) affirmed by *Stokes v. Moorman*, 2011 U.S. App. LEXIS 122 (4th Cir. Jan. 4, 2011); *Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 U.S. Dist. LEXIS 127408 at *11-12 (D.S.C. Oct. 8, 2009)(plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his rights under the constitution); *Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 U.S. Dist. LEXIS 87504 at *10 (D.S.C. June 24, 2009)("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the "declaratory" relief that he seeks."). Consequently, Plaintiff's Complaint, insofar as it seeks a declaration that Defendant Hixson, while acting in his individual and/or official capacities as Deputy

7



Solicitor of the Fifteenth Judicial Circuit, violated Plaintiff's rights to due process under the Fourteenth Amendment, should be summarily dismissed.

### **Recommendation**

Accordingly, it is recommended that the Court dismiss Defendant Scott Hixson as a party Defendant in this case without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *; Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 9, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).