IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antonio D Thomas, ) | |
| ) | Civil Action No.2:11-cv-00161-DCN-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Teresa Walker and James Burke, ) | |
| individually and in their official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a pretrial detainee proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon two motions: (a) Defendants' Motion for Summary Judgment (Dkt. No. 29), and (b) Plaintiff's Motion to Amend Complaint (Dkt. No. 34).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The plaintiff brought this action on or about January 20, 2011. On August 8, 2011, Defendants filed a Motion for Summary Judgment. (Dkt. No. 29.) By order filed August 10, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 31.) On or about August 17, 2011, Plaintiff filed a document entitled "Motion for Leave, File Amended Complaint[;] Declaration for Entry of Default; or Roseboro Order to Plaintiff Answer." (Dkt. No. 33.)[1] On or about August 22, 2011, Plaintiff filed a Motion to Amend Complaint. (Dkt. No. 34.) Plaintiff also filed the Declaration of

---

[1] This document was docketed as a Response in Opposition to Defendants' Motion for Summary Judgment because exhibits were attached. (See Dkt. No. 33; Dkt. No. 33-1.)

Richard Green. (Dkt. No. 37.) Defendants filed a Response in Opposition to Plaintiff's Motion to Amend on August 26, 2011, to which Plaintiff filed a Reply. (See Dkt. No. 35; Dkt. No. 39.)

## **PROCEDURAL FACTS**

Plaintiff, who is currently housed at Georgetown County Detention Center, alleges claims pursuant to 42 U.S.C. § 1983. (See Dkt. No. 1.) In his Complaint, Plaintiff states that he was subjected to an "illegal search and seizure." (Id. at 2 of 6.) More specifically, Plaintiff alleges that on December 27, 2009, Defendants' "warrantless arrest violated plaintiff's rights and constituted" both "an illegal search and seizure under the Fourth Amendment" as well as "a due process violat[ion] under the Fourteenth Amendment." (Id. at 3.) Plaintiff further asserts that on February 5, 2010, Defendant Teresa Walker's "failure to confront the plaintiff[] with witnesses against him[] constituted a due process violation under the Fourteenth Amendment . . . (Ex. B. Preliminary Hearing paper)." (Id. at 3-4.)

In the "Relief" section of his Complaint, Plaintiff states that he is seeking the following:

> (a) a "declaration that acts and omissions described herein violated plaintiff['s] rights under the Constitution and laws of the United States."
>
> (b) a "preliminary and permanent injunction ordering defendants . . . to stop this malicious prosecution; and release [him] from [his] imprisonment. A preliminary hearing if necessary,"
>
> (c) "[c]ompensatory damages in the amount of $200,000 against each defendant, jointly and severally," and
>
> (d) "[p]unitive damages in the amount of $700,000 against each defendant."

(Id. at 5.)

**APPLICABLE LAW**

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Motion to Amend**

When a party seeks to amend his or her pleadings after the deadlines in the scheduling order have passed, the "moving party must first satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant must then pass the tests for amendment under Rule 15(a)." Odyssey Travel Ctr., Inc. v. RO Cruises, Inc., 262 F.Supp.2d 618, 631 (D. Md. 2003); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). In an unpublished opinion, the Fourth Circuit stated, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel County,

3

Md., 182 Fed. App'x 156, 162 (4th Cir. 2006) (citing Odyssey Travel, 262 F.Supp. at 631-32).

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. See FED. R. CIV. P. 15(a)(1). Otherwise, a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. See id.; see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Rule 15(a) provides, however, that leave to amend should be "freely give[n] . . . when justice so requires." Id. "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber, 438 F.3d at 426 (citing Conley v. Gibson, 355 U.S. 41, 48 (1957); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999)). The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Id. at 426-27 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

## **DISCUSSION**

As noted above, Defendants filed a Motion for Summary Judgment on August 8, 2011. (Dkt. No. 29.) Plaintiff filed a Response in Opposition on or about August 17, 2011, and he filed a Motion to Amend Complaint on or about August 22, 2011. (See Dkt. No. 33; Dkt. No. 34.) The undersigned will address the parties' arguments in turn.

**A. Claims for Arrest Without a Warrant**

Plaintiff asserts that Defendants violated his constitutional rights by arresting him without a warrant. (See Compl.) The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "In conformity with the rule at common law, a

4

warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Davenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted). "[W]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Id. (citing Maryland v. Pringle, 540 U.S. 366, 371 (2003)); Gerstein v. Pugh, 420 U.S. 103, 113-14 (1975) ("[A] policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest."); see also Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 334 (4th Cir.2009) ("[P]robable cause exists 'where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense.'" (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964))).

In support of their Motion for Summary Judgment, Defendants filed the Affidavit of Officer Caleb Sierra, who states that he is employed as a Police Officer with the City of Georgetown Police Department and responded to a shooting at 10 Rainey Drive in Georgetown, South Carolina on December 27, 2009. (Sierra Aff. ¶¶ 1-2; Dkt. No. 29-4.) Sierra further states therein,

> 6. I located one of the witnesses to the shooting who was identified as the Plaintiff's juvenile son.
>
> 7. Plaintiff's juvenile son told me he observed his father (Plaintiff) enter the apartment and shoot the victim Irone Canteen.

(Sierra Aff. ¶¶ 6-7.)[2] Defendants also filed the Affidavit of Defendant Teresa Walker; Ms. Walker states that she is employed as a Police Officer with the City of Georgetown Police

---

[2] The victim, Irone Canteen, died after the shooting, and Plaintiff was charged with, *inter alia*, murder.

5

Department and responded to the shooting at 10 Rainey Drive on December 27, 2009. (Walker Aff. ¶¶ 1-2.) Defendant Walker further states,

> 3. Upon arriving at the scene, I spoke with Ramona Reed who was identified as the girlfriend of the shooting victim.
>
> . . .
>
> 9. After leaving the hospital, I conducted an audio/video recorded interview with Ramona Reed.
>
> 10. Ramona Reed knows the Plaintiff as the father of her children.
>
> 11. Ramona Reed identified Plaintiff as the man who shot the victim, Irone Canteen.

(Id. ¶¶ 3-11.) Finally, Defendant Burke, who is also a Police Officer with the City of Georgetown Police Department, stated in his Affidavit that on December 27, 2009, he "conducted an audio/video recorded interview with Plaintiff's two juvenile sons." (Burke Aff. ¶¶ 1-2.) Burke states that "[b]oth of Plaintiff's juvenile sons identified the Plaintiff, their father, as the man who shot the victim at 10 Rainey Drive." (Id. ¶ 4.)

Defendants also presented evidence that at approximately 21:02 on December 27, 2009, Sergeant Steven Church of the City of Georgetown Police Department "authorized the issuance of a 'be on the lookout (BOLO)' for Plaintiff Antonio D. Thomas." (Church Aff. ¶¶ 1-2, 7.) Church states that "[a]t approximately 23[:]45, Plaintiff turned himself in at the Police Department." (Id. ¶ 8.) According to Defendant Walker, after Plaintiff "turned himself in," she and Defendant Burke "conducted an audio/video recorded interview with Plaintiff." (Walker Aff. ¶ 12.) Walker further states,

> 13. Prior to beginning our interview with Plaintiff, he was informed of his Miranda rights.
>
> 14. Plaintiff completed a written "Miranda Warning" rights form wherein he waived his rights and agreed to speak with myself and Sgt. Burke.

> 15. The completed "Miranda Warning" form contains the signatures of the Plaintiff and Sgt. Burke. I am listed as a witness.
>
> 16. [Plaintiff] Mr. Thomas denied any knowledge of the shooting at 10 Rainey Drive.
>
> 17. I prepared arrest warrants for Plaintiff with charges of murder, burglary in the first degree, possession of a handgun during the commission of a violent crime, assault and battery with intent to kill, and kidnapping.
>
> 18. Plaintiff was provided with a preliminary hearing date, but his attorney asked for and was granted a continuance until February 10, 2010.
>
> 19. Prior to Plaintiff's February 10, 2010 preliminary hearing date, his charges were presented to the Grand Jury where probable cause was found and the charges were true billed indicted.

(Id. ¶¶ 13-19.)

Finally, Defendants presented the Affidavit of Chandra Robinson, who is also a Police Officer with the City of Georgetown Police Department. (Robinson Aff. ¶ 1; Dkt. No. 29-7.) Ms. Robinson states therein that "at approximately 1300 hours" on December 28, 2009, she served arrest warrants on Plaintiff for possession of a weapon during the commission of a violent crime, burglary in the first degree, murder, and assault and battery with intent to kill." (Robinson Aff. ¶ 2.) She states that "at approximately 1200 hours" on December 29, 2009, she served an arrest warrant on Plaintiff for kidnapping. (Id. ¶ 3.)

The undersigned recommends granting summary judgment to Defendants on Plaintiff's § 1983 claim pertaining to his arrest. It is undisputed that Plaintiff voluntarily turned himself in at the police department before Defendants sought warrants against Plaintiff. Moreover, Plaintiff does not dispute the evidence that (a) three eyewitnesses identified him as the shooter, and (b) prior to his February 10, 2010 preliminary hearing date, the Grand Jury indicted Plaintiff on the charges of murder, burglary in the first degree, possession of a handgun during the commission of a violent crime, assault and battery with intent to kill, and kidnapping. Given these undisputed facts, Defendants had probable cause to arrest

Plaintiff, and Plaintiff's § 1983 claim therefore fails. See United States v. Beckham, 325 F.Supp.2d 678, 687 (E.D. Va. 2004) ( "Particularly relevant here is the principle that a finding of probable cause may be based on information provided by a victim or eyewitness to a crime, as 'it is well-established that [w]hen an officer has received ... information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, he has probable cause.'" (quoting Spiegel v. Cortese, 196 F.3d 717, 724 (7th Cir.1999))); see also Ex parte United States, 287 U.S. 241, 250 (1932) ("It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."); United States v. Soriano–Jarquin, 492 F.3d 495, 502 (4th Cir.2007) (noting probable cause may be satisfied by a grand jury indictment); United States ex rel. Haim v. Mathues, 19 F.2d 22, 23 (3d Cir.1927) ("The indictment is itself evidence that there was probable cause ...."); White v. Coleman, 277 F. Supp. 292, 297 (D.S.C. 1967) ("[W]here the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist ... and infers prima facie probable cause for the prosecution." (citation omitted)).

**B. Claim for "Failure to Confront the Plaintiff[] with Witnesses Against Him"**

Plaintiff asserts that on February 5, 2010, Defendant Teresa Walker's "failure to confront the plaintiff[] with witnesses against him[] constituted a due process violation under the Fourteenth Amendment . . . (Ex. B. Preliminary Hearing paper)." (Id. at 3-4.) The undersigned recommends granting summary judgment on this claim because Plaintiff does not show that he has been deprived of a federal right as required to state a cause of action pursuant to § 1983. As stated in Wambach v. Wright, No. 1:10-2912-HFF-SVH, 2011 1597660 (Feb. 7, 2011) (adopted at 2011 WL 1595171 (Apr. 27, 2011)),

> Although the South Carolina rule refers to a "preliminary hearing," see S.C.R.CRIM. P. 2, "[t]he purpose of the preliminary hearing is to establish that probable cause exists to continue the criminal process." State v. Cunningham, 275 S.C. 189, 193, 268 S.E.2d 289, 291 (1980). The federal constitution does not create a right to a state preliminary hearing. The probable cause determination, as an initial step into the criminal justice process, may be made by a judicial officer without an adversary hearing. Gerstein v. Pugh, 420 U.S. 103, 120, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Failure to follow state rules or procedures does not establish violation of a federal right. Plaintiff's § 1983 claim of constitutional violations related to failure to attend a preliminary hearing fail to state a claim on which relief may be granted.

Wambach v. Wright, 2011 1597660, at *6; see also State v. Keenan, 278 S.C. 361, 365, 296 S.E.2d 676, 678 (1982) ("There no longer exists a State (nor has there ever existed a Federal) constitutional right to a preliminary hearing.").

**C. Motion to Amend**

According to a Scheduling Order signed by Magistrate Judge Marchant on March 21, 2011, motions to join other parties and amend the pleadings were due to be filed no later than April 21, 2011. (See Dkt. No. 24.) On or about August 22, 2011, Plaintiff filed a Motion to Amend Complaint. (See Dkt. No. 34.) In this motion, Plaintiff complains about Robinson's Affidavit, stating that although her Affidavit states that she served Plaintiff with warrants at approximately 1300 hours on December 28, 2009, she actually served them on Plaintiff on December 27, 2009. (See Dkt. No. 34 at 1-2.) Plaintiff states that as a result, he requests leave to file an Amended Complaint adding Robinson as a party. (Id. at 2.) Plaintiff further states, "Also being submitted as evidence is Plaintiff's Miranda warning that clearly at bottom is not even signed by Plaintiff under the non-waiver." (Id.) Plaintiff contends that "documents have also been false or tampered with . . ." (Id.)

The undersigned recommends denying Plaintiff's Motion to Amend. First, Plaintiff has not satisfied the "good cause" standard of Rule 16(b). See FED. R. CIV. P. 16(b); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Second, Plaintiff has

not attached a copy of his proposed Amended Complaint, and his proposed amendment is futile. For all the reasons discussed above, there was probable cause to arrest Plaintiff; he has not explained how an error in a date on Ms. Robinson's Affidavit warrants adding her as a Defendant in this case. Moreover, although Plaintiff complains about the lack of signature in the "NON-WAIVER" section of the Miranda Warning form, this is–as Defendants note–immaterial, since it would be inconsistent to have signatures in both the "WAIVER OF RIGHTS" section as well as the "NON-WAIVER" section. Finally, Plaintiff's allegations of document tampering are conclusory and non-specific and, therefore, should be rejected. The undersigned thus recommends denying Plaintiff's Motion to Amend Complaint.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion to Amend Complaint (Dkt. No. 34) be DENIED. It is further RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 29) be GRANTED.

IT IS SO RECOMMENDED.

                                                    s/Bruce Howe Hendricks
                                                    United States Magistrate Judge

January 20, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).